UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
                                    :
UNITED STATES OF AMERICA            :     **SEALED INDICTMENT**
                                    :
          - v. -                    :
                                    :     S1 11 Cr. 350
PAUL MARDIROSSIAN,                  :
     a/k/a "Stallion,"              :
                                    :
          Defendant.                :
- - - - - - - - - - - - - - - - - -X

COUNT ONE

NARCO-TERRORISM CONSPIRACY

The Grand Jury charges:

BACKGROUND TO THE CONSPIRACY

*Fuerzas Armadas*
*Revolucionarias de Colombia*

1.   From in or about 1964 until on or about the date of filing of this Indictment, the Fuerzas Armadas Revolucionarias de Colombia (the "Revolutionary Armed Forces of Colombia" or "FARC") has been and is an international terrorist group dedicated to the violent overthrow of the democratically elected Government of Colombia.  To further its terrorist activities, the FARC actively engages in narcotics trafficking as a financing mechanism and has evolved into the world's largest supplier of cocaine.  The FARC is styled as a military group and is comprised of approximately 10,000 armed guerillas.

2.   In October 1997, the United States Secretary of State designated the FARC as a foreign terrorist organization

*JUDGE RAKOFF*

pursuant to Section 219 of the Immigration and Nationality Act. The Secretary of State re-designated the FARC as a foreign terrorist organization on October 2, 2003, and October 11, 2005. The FARC remains so designated as of the date of the filing of this Indictment.

       3.   During at least the five years prior to the date of the filing of this Indictment, and earlier, the FARC has directed violent acts against United States persons and commercial and property interests in foreign jurisdictions, including, but not limited to, Colombia. In particular, the FARC leadership has ordered FARC members to kidnap and murder United States citizens and to attack United States interests in order to dissuade the United States from continuing its efforts to assist the Colombian government's initiative to fumigate and disrupt the FARC's cocaine and cocaine paste manufacturing and distribution activities. The FARC's violent acts directed against the United States and United States interests have included: (1) the murder of United States nationals; (2) the kidnapping of United States nationals; and (3) the bombing of a restaurant in Bogota, Colombia, frequented by United States nationals.

       4.   To further its terrorist and narcotics trafficking activities, the FARC actively attempts to obtain automatic rifles, ammunition, machine guns, explosives and other types of weapons from other entities.

### The Defendant and the Scheme to Provide Weapons to the FARC in Exchange for Cocaine

5.  From at least in or about February 2010, up to and including in or about April 2011, PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, and his partner, a co-conspirator not named as a defendant herein ("CC-1") met with confidential sources working for the Drug Enforcement Administration ("DEA") (the "Confidential Sources") in Europe and Central America and agreed to exchange military-grade weapons, including rocket propelled grenades and automatic rifles, for hundreds of kilograms of cocaine. The Confidential Sources represented, and the defendant and CC-1 believed, that the weapons were for use by the FARC, and that the FARC would be supplying the defendant with the cocaine.

6.  PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, is a narcotics trafficker who resides in Sweden and has connections to weapons suppliers located in Eastern Europe and Russia. MARDIROSSIAN arranged for the delivery of a grenade launcher and an AK-47 as a sample of the kinds of weapons he could obtain in larger quantities.

### STATUTORY ALLEGATIONS

7.  From at least in or about February 2010, up to and including in or about April 2011, in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, PAUL MARDIROSSIAN, a/k/a

"Stallion," the defendant, who will be first brought to and arrested in the Southern District of New York, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate Section 960a of Title 21, United States Code.

8. It was a part and an object of said conspiracy that PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, and others known and unknown, would and did engage in conduct that would be punishable under Title 21, United States Code, Section 841(a) if committed within the jurisdiction of the United States, to wit, the distribution, and possession with the intent to distribute, of five kilograms and more of mixtures and substances containing a detectable amount of cocaine, knowing and intending to provide, directly and indirectly, something of pecuniary value to a person and organization that has engaged and engages in terrorist activity and terrorism, to wit, the FARC and its members, operatives and associates, having knowledge that said persons and organization have engaged in and engage in terrorism and terrorist activity, which prohibited drug activity and terrorist offense would and did violate the criminal laws of the United States, which offense, prohibited drug activity, and terrorist offense would and did occur in and affect foreign commerce, and which terrorist offense would and did cause and was designed to cause death and serious bodily injury to nationals of

the United States while the nationals are outside the United States, and substantial damage to the property of a legal entity organized under the laws of the United States while that property is outside of the United States, in violation of Section 960a of Title 21, United States Code.

## Overt Acts

9.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed:

    a.   On or about February 7, 2010, in Barcelona, Spain, PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, participated in a consensually recorded meeting with a DEA confidential source ("CS-1"). At that meeting, CS-1 said, in substance and in part, that his associates in Colombia wanted to obtain military-grade automatic weapons, such as AK-47s and M-16s, in exchange for cocaine. MARDIROSSIAN asked CS-1 to identify the types and number of weapons CS-1 wanted so that MARDIROSSIAN could let CS-1 know the prices.

    b.   On or about February 10, 2010, CS-1 sent MARDIROSSIAN an e-mail message with a list of more than a dozen weapons and kinds of ammunition. The next day, on or about February 11, 2010, MARDIROSSIAN responded by e-mail that an AK-47 would cost $1,900 and an RPG Launcher would cost $4,000.

    c.   On or about May 26, 2010, in Panama City,

Panama, MARDIROSSIAN had a consensually recorded meeting with CS-1. During that meeting, MARDIROSSIAN provided CS-1 with a bullet-proof vest as a sample of the kind of materiel that MARDIROSSIAN could supply.

    d.  During the meeting on or about May 26, 2010, CS-1 told MARDIROSSIAN that he worked for "the FARC," and MARDIROSSIAN said that he knew what the FARC was.

    e.  During the meeting on or about May 26, 2010, MARDIROSSIAN agreed to accept cocaine as payment for any future weapons transaction. MARDIROSSIAN also said that he wanted to introduce CS-1 to his partner, CC-1.

    f.  On or about July 28, 2010, MARDIROSSIAN and CC-1 both met with CS-1 in Copenhagen, Denmark. CS-1 told both men that he worked for the FARC, and that the FARC wanted to purchase a sample of military-grade weapons, including a rocket-propelled grenade launcher, an AK-47 assault rifle, a sniper rifle, and handguns, and later to obtain a large quantity of weapons, in exchange for cocaine.

    g.  On or about September 28, 2010, MARDIROSSIAN had a consensually recorded meeting with CS-1 in Madrid, Spain, in which MARDIROSSIAN discussed his efforts to obtain a weapons sample and how that sample would be transported.

    h.  During the meeting on or about September 28, 2010, MARDIROSSIAN discussed a future meeting in Panama, where he

would have the opportunity to test the quality of the cocaine that would be used to pay for the weapons MARDIROSSIAN would supply. MARDIROSSIAN then called CC-1, who spoke over the telephone with CS-1 about a future meeting.

    i. On or about January 17, 2011, in Panama City, Panama, MARDIROSSIAN and CC-1 participated in a consensually recorded meeting with CS-1 and a second confidential source working for the DEA ("CS-2"). CS-2 said, in substance and in part, that he was a more senior member of the FARC and that he had wanted to meet MARDIROSSIAN and CC-1 in person before purchasing arms from them. CS-2 also said that the weapons MARDIROSSIAN would provide were needed to attack a U.S. military base before construction of the base was completed. MARDIROSSIAN said they had been ready for months, and that, with his contacts at a weapons factory, they would be able to obtain paperwork that would make any weapons transaction appear legal.

    j. The next day, on or about January 18, 2011, MARDIROSSIAN, CC-1, and CS-1 drove outside Panama City, Panama, where MARDIROSSIAN and CC-1 inspected approximately 50 kilograms of cocaine that, CS-1 said, were comparable to the quality of cocaine that would be used to pay for weapons.

    k. During the meeting on or about January 18, 2011, which was consensually recorded, CS-1 represented to MARDIROSSIAN and CC-1 that he planned to transport that cocaine

-7-

to New York where it would be sold, and CS-1 offered MARDIROSSIAN and CC-1 the opportunity to invest in the shipment.

        l. During the meeting on or about January 18, 2011, MARDIROSSIAN advised CS-1 that after CS-1 received the weapons sample, the additional weapons would be sourced from a factory (unlike the sample), and as a result, CS-1 would need to order a large quantity of weapons.

        m. During the meeting on or about January 18, 2011, CC-1 urged CS-1 to complete the transaction quickly and asked when CS-1 would provide a list of weapons he wanted to purchase.

        n. On or about February 8, 2011, MARDIROSSIAN had a consensually recorded telephone conversation with CS-1, in which, in substance and in part, MARDIROSSIAN agreed to provide CS-1 with a sample of weapons during the week of February 21, 2011.

        o. On or about February 25, 2011, MARDIROSSIAN had a consensually recorded telephone conversation with CS-1 in which MARDIROSSIAN said that CC-1 had communicated with the people who would supply the weapons sample, and that they were unable to deliver the sample before early March 2011.

        p. On or about March 12, 2011, CC-1 had a consensually recorded telephone call with CS-1, in which CC-1 said, in substance and in part, that he had been unable to

arrange the delivery of the weapons sample in late February, as planned, because of law enforcement activity, but that he would personally ensure the successful delivery of a weapons sample in the future.

   q. On or about March 21, 2011, MARDIROSSIAN caused a wire transfer of approximately $20,000 to be made from a bank account in Sweden to a bank account in Manhattan, New York, for the purpose of investing in a portion of a shipment of cocaine that would be imported into the United States and sold in New York.

   r. On or about March 21, 2011, MARDIROSSIAN sent CS-1 an e-mail attaching photographs of three firearms, including two rifles with scopes, and a copy of a newspaper from that day, to demonstrate that MARDIROSSIAN currently possessed the weapons in the photographs, as CS-1 had previously requested.

   s. On March 28, 2011, MARDIROSSIAN had a consensually recorded telephone call with CS-1 in which MARDIROSSIAN told CS-1 that he was arranging the delivery of the weapons sample for the week of April 4, 2011.

   t. On or about April 7, 2011, MARDIROSSIAN arranged for a co-conspirator not named as a defendant herein to deliver a grenade launcher and an AK-47 to a law enforcement officer acting in an undercover capacity in Copenhagen, Denmark.

(Title 21, United States Code, Section 960a and Title 18, United States Code, Section 3238.)

## COUNT TWO

### CONSPIRACY TO PROVIDE MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION

The Grand Jury further charges:

### BACKGROUND TO THE CONSPIRACY

10.    Paragraphs 1 through 6 are incorporated herein as if re-alleged in full.

### STATUTORY ALLEGATIONS

11.    From at least in or about February 2010, up to and including in or about April 2011, in an offense occurring in part within the United States, and occurring in and affecting foreign commerce, and begun and committed outside the jurisdiction of any particular State or district of the United States, PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, who will be first brought to and arrested in the Southern District of New York, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate and agree together and with each other to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), to a foreign terrorist organization, namely, the FARC, which was designated by the United States Secretary of State as a foreign terrorist organization in October 1997, pursuant to Section 219 of the Immigration and Nationality Act, re-designated as such on October

2, 2003 and October 11, 2005, and is currently designated as such, as of the date of the filing of this Indictment.

        12.  It was a part and an object of the conspiracy that PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, and others known and unknown, would and did agree to provide the FARC with, among other things, weapons and other material support and resources, knowing that the FARC engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act), and that the FARC engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), in violation of Title 18, United States Code, Section 2339B.

### Overt Acts

        13.  In furtherance of the conspiracy and to effect the illegal object thereof, PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, and others known and unknown, committed the overt acts set forth in paragraph 9 of this Indictment, which are fully incorporated by reference herein.

    (Title 18, United States Code, Sections 2339B(a)(1), (d)(1), and 3238.)

### COUNT THREE

### ATTEMPT TO PROVIDE MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION

    The Grand Jury further charges:

    14.  On or about April 7, 2011, in an offense occurring

in and affecting foreign commerce, and begun and committed outside of the jurisdiction of any particular State or district of the United States, PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, who will be first brought to and arrested in the Southern District of New York, did knowingly attempt to provide weapons and other material support and resources to a foreign terrorist organization, namely, the FARC, which was designated as a foreign terrorist organization in October 1997 by the United States Secretary of State, re-designated as such on October 2, 2003 and October 11, 2005, and is currently designated as such as of the date of the filing of this Indictment, knowing that the FARC engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act), and that the FARC engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), to wit, MARDIROSSIAN arranged for a co-conspirator not named as a defendant herein to deliver a grenade launcher and an AK-47 to a law enforcement officer acting in an undercover capacity in or around Copenhagen, Denmark.

(Title 18, United States Code, Sections 2339B(a)(1), (d)(1), 3238, and 2.)

## COUNT FOUR

### POSSESSION OF A FIREARM

The Grand Jury further charges:

15. On or about April 7, 2011, in an offense begun and

committed outside of the jurisdiction of any particular State or district of the United States, PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, who will be first brought to and arrested in the Southern District of New York, unlawfully, intentionally, and knowingly, did use and carry a firearm during and in relation to a drug trafficking crime and a crime of violence for which he may be prosecuted in a court of the United States, and, in furtherance of such crimes, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, to wit, MARDIROSSIAN arranged for a co-conspirator not named as a defendant herein to deliver a destructive device, to wit, a grenade launcher, and a machine gun and semiautomatic assault weapon, to wit, an AK-47, to a law enforcement officer acting in an undercover capacity in Copenhagen, Denmark, in furtherance of the narco-terrorism conspiracy charged in Count One, the conspiracy to provide material support charged in Count Two, and the attempt to provide material support charged in Count Three.

(Title 18, United States Code,
Sections 924(c)(1)(A), (B)(i), (B)(ii), 3238, and 2.)

### COUNT FIVE

### ATTEMPT TO IMPORT A CONTROLLED SUBSTANCE

The Grand Jury further charges:

16. On or about March 21, 2011, PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, in an offense begun and

-13-

committed outside of the jurisdiction of any particular State or district of the United States, and who will be first brought to and arrested in the Southern District of New York, did unlawfully, intentionally, and knowingly attempt to import a controlled substance, to wit, five kilograms and more of a mixture and substance containing a detectable amount of cocaine, into the United States from Panama, and did attempt to aid and abet such offense.

(Title 21, United States Code, Sections 812, 952(a), 960(b)(1)(B), and 963; Title 18, United States Code, Sections 3238 and 2.)

## COUNT SIX

### MONEY LAUNDERING

The Grand Jury further charges:

17. On or about March 21, 2011, in the Southern District of New York and elsewhere, PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, MARDIROSSIAN caused a wire transfer of approximately $20,000 to be made from a bank account in Sweden to a bank account in Manhattan, New York, for the purpose of investing in a portion of a shipment of cocaine that would be imported into the

United States and sold in New York.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

## FORFEITURE ALLEGATION

(As to Counts One and Five)

18. As a result of committing one or more of the controlled substance offenses alleged in Counts One and Five of this Indictment, PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting or derived from any proceeds that the defendant obtained directly or indirectly as a result of one or more of the offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of one or more of the offenses alleged in Counts One and Five of this Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of one or more of the offenses described in Counts One and Five of this Indictment.

### Substitute Assets Provision

19. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

-15-

        b.    has been transferred or sold to, or deposited with, a third person;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970.)

**FORFEITURE ALLEGATION**

(As to Counts Two and Three)

20. As a result of committing one or more of the terrorism offenses alleged in Counts Two and Three of this Indictment, PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(G) and 2332b(g)(5), and Title 28, United States Code, Section 2461:

        a.    all right, title, and interest in all assets, foreign and domestic;

        b.    all right, title, and interest in all assets,

    foreign and domestic, affording a source of influence over the FARC;

  c. all right, title and interest in all assets, foreign and domestic, acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property; and

  d. all right, title and interest in all assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property;

including, but not limited to, a sum of money representing the value of the property described above as being subject to forfeiture.

### Substitute Assets Provision

21. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due

-17-

          diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 981, Title 21, United States Code, Sections 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(G) and 2332b(g)(5); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

## FORFEITURE ALLEGATION

(As to Count Six)

22.    As a result of committing the money laundering offense alleged in Count Six of this Indictment, PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant, pursuant to Title 18, United States Code, 982(a)(1), shall forfeit to the United States of America any property, real and personal, involved in such offense, and any property traceable to such

property, including , but not limited to, a sum of money equal to at least $20,000 in United States Currency in that such sum in aggregate is property representing the property involved in the offense, and traceable to such property.

## Substitute Asset Provision

23. If any of the above-described forfeitable property, as a result of any act or omission of PAUL MARDIROSSIAN, a/k/a "Stallion," the defendant:

> (1) cannot be located upon the exercise of due diligence;
>
> (2) has been transferred, or sold to, or deposited with, a third person;
>
> (3) has been placed beyond the jurisdiction of the Court;
>
> (4) has been substantially diminished in value; or
>
> (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982; and
Title 21, United States Code, Section 853.)

_____     _____
FOREPERSON                    PREET BHARARA

-19-

United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

- v. -

PAUL MARDIROSSIAN,
a/k/a "Stallion,"

Defendant.

---

**SEALED INDICTMENT**

S1 11 Cr. 350

(Title 21, United States Code,
Sections 812, 952(a), 960(b)(1)(B),
960a & 963; Title 18, United States
Code, Sections 2, 924(c), 1956, 2339B,
& 3238.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

_____
                        Foreperson.

---

4-26-11  Filed Indictment. Under Seal   A/W issued.
                                         Katz
                                         USMJ